UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:96-CR-0064 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CARLOS LARON HEWITT (1), | |
| Defendant. | |

---

Carlos Laron Hewitt, pro se.

Michael L. Cheever, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

This matter is before the Court on defendant Carlos Laron Hewitt's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 or, in the alternative, to reduce his sentence under 18 U.S.C. § 3582(c) in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act").  For the reasons that follow, the Court denies Hewitt's motion.

Hewitt led a large criminal enterprise that distributed cocaine and crack cocaine throughout Minnesota.  Hewitt was indicted in May 1996 and eventually pleaded guilty to numerous counts, three of which are relevant to this proceeding:  Count 1 (conspiring to distribute cocaine and crack cocaine), Count 4 (attempting to possess with intent to distribute 998.4 grams of cocaine), and Count 6 (attempting to possess with intent to distribute 340 grams of crack cocaine).  The Sentencing Guidelines recommended a prison sentence of 360 months to life.  *United States v. Brown*, 148 F.3d 1003, 1006-07 (8th Cir. 1998).  On July 10, 1997, Judge James M. Rosenbaum sentenced Hewitt to 420 months' imprisonment on each of Counts 1, 4,

and 6, with the sentences to be served concurrently.[1]  The Eighth Circuit affirmed Hewitt's sentence on appeal.  *Brown*, 148 F.3d 1003.

In September 1999, Hewitt filed a motion for a sentence reduction pursuant to § 2255. Docket No. 539.  Judge Rosenbaum denied the motion on November 18, 1999.  Docket No. 542.

In February 2005, Hewitt filed a petition for a writ of mandamus with the Eighth Circuit. The Eighth Circuit construed Hewitt's filing "as a petition for authorization to file a successive [§ 2255] application in the district court" and denied the petition.  *In re Carlos Laron Hewitt*, Case No. 05-1691 (8th Cir. Mar. 23, 2005) [Docket No. 617].

On February 6, 2009, Hewitt filed a pro se motion seeking a reduction of his sentence pursuant to § 3582(c)(2).  Docket No. 648.  On February 12, 2009, a similar motion was filed by Hewitt's attorney.  Docket No. 649.  With these motions, Hewitt sought to reduce his sentence for Counts 1, 4, and 6 based, in part, on guideline amendments 706, 711, and 715, which lowered the sentencing guidelines for crack-related offenses.  Hewitt argued that his amended guidelines range was 324 to 405 months, and he sought a sentence of 324 months.  Docket Nos. 648, 649. The government agreed that Hewitt was eligible for a sentence reduction, but suggested a sentence of 380 months.  Docket No. 650.  On March 16, 2009, Judge Rosenbaum granted Hewitt's motion and reduced his sentence to 324 months — the bottom of the amended guidelines range.  Docket No. 651.

---

[1] Judge Rosenbaum also sentenced Hewitt to lesser terms of imprisonment for the other charges to which he pleaded guilty, with those terms to run concurrently with the 420-month sentence.  Docket No. 489.  The sentences for Hewitt's other charges are not relevant to this proceeding.

On March 22, 2010, Hewitt filed a pro se motion to "rescind" the March 2009 order reducing his sentence and to instead reduce his sentence to time served. Docket No. 657. Judge Rosenbaum denied the motion. Docket No. 658. Hewitt appealed, and the Eighth Circuit summarily affirmed. *United States v. Hewitt*, Case No. 10-1852 (8th Cir. Apr. 23, 2010). Docket No. 661.

Hewitt now moves for a sentence reduction pursuant to § 2255 or, in the alternative, for a sentence reduction pursuant to § 3582(c)(2) and the Fair Sentencing Act.[2] Docket No. 664. Because Judge Rosenbaum has retired, Hewitt's motion was assigned to the undersigned. Docket No. 663. The Court concludes that Hewitt is not entitled to a further reduction of his sentence.

Insofar as Hewitt moves for relief under § 2255, the Court dismisses his motion under 28 U.S.C. § 2255(h), which provides that a prisoner who wishes to file a successive § 2255 motion in the district court must first get permission to do so from the court of appeals. The court of appeals will grant permission to file a successive § 2255 motion only when newly discovered evidence or a new rule of constitutional law might justify giving the prisoner another opportunity to challenge his sentence. 28 U.S.C. § 2255(h); *Abdullah v. Hedrick*, 392 F.3d 957, 962 (8th Cir. 2004).

---

[2]Hewitt separately filed a motion to take judicial notice of the Fair Sentencing Act. Docket No. 666. Rule 201 of the Federal Rules of Evidence governs the "judicial notice of adjudicative facts," not the determination of the law that applies in a particular case. Fed. R. Evid. 201. For that reason, the Court denies Hewitt's motion, but the Court will, of course, determine whether the Fair Sentencing Act requires or permits the Court to reduce Hewitt's sentence.

Hewitt filed his first § 2255 motion in 1999.  In 2005, he filed a petition for a writ of mandamus, which the Court of Appeals treated as a second § 2255 motion.  This motion therefore constitutes Hewitt's third § 2255 motion.  Hewitt did not seek, much less obtain, permission from the Eighth Circuit to file this motion.

Because Hewitt did not obtain permission to file this successive § 2255 motion, the Court can dismiss the motion or, in the Court's discretion, transfer it to the court of appeals.  *See Boyd v. United States*, 304 F.3d 813, 814 (2002) (if district court determines that a purported Rule 60(b) motion is truly a second or successive habeas petition, the district court should dismiss or transfer the motion).  Hewitt has not argued that any newly discovered evidence or new rule of constitutional law justifies his third § 2255 motion.  Instead, his arguments are based solely on the Fair Sentencing Act.  Because there is no chance that the Eighth Circuit will give Hewitt permission to bring a third § 2255 motion, the Court will dismiss, rather than transfer, the motion.

Hewitt moves in the alternative for a sentence reduction under § 3582(c)(2), which permits courts to reduce previously imposed sentences to conform with subsequent changes to the United States Sentencing Guidelines.  Hewitt grounds his motion on the Fair Sentencing Act, which revised the sentencing scheme under which certain defendants may be sentenced for crack-related crimes.  Hewitt's motion is denied, because he is not entitled to a sentence reduction under either § 3582(c)(2) or the Fair Sentencing Act.

The first reason why Hewitt is not entitled to a sentence reduction is that the Fair Sentencing Act is not retroactive.  *United States v. Brown*, 2010 WL 3958760, *1 (8th Cir. Oct. 12, 2010) (citing *United States v. Carradine*, 621 F.3d 575, 579-80 (6th Cir. 2010)).  The

Act therefore does not apply to Hewitt, who committed and was sentenced for his crimes many years before the Fair Sentencing Act was enacted.

The second reason why Hewitt is not entitled to a sentence reduction is that, even if the Fair Sentencing Act applied to him — and, as just explained, it does not — the Act would have no effect on Hewitt's sentence.  The relevant portions of the Act eased sentences for two categories of defendants:  First, the Act eliminated the mandatory minimum sentence of five years for defendants who distributed five or more grams, but less than 28 grams, of crack.  Second, the Act lowered from ten to five years the mandatory minimum sentence for defendants who distributed 50 grams or more, but less than 280 grams, of crack.  Fair Sentencing Act § 2.  At sentencing, Hewitt admitted responsibility for distributing approximately 340 grams of crack.  And thus neither of the relevant provisions of the Fair Sentencing Act would affect Hewitt's sentence.

Hewitt is not otherwise entitled to a sentence reduction under § 3582(c).  Under § 3582(c)(2), a court "may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  As described above, Hewitt was resentenced in March 2009 to 324 months, which was within the applicable guidelines range of 324 to 405 months.  The Sentencing Commission has not *subsequently* lowered the applicable guidelines range.  Therefore, § 3582(c) does not authorize this Court to reduce Hewitt's sentence again — this time below the applicable

guidelines range.  U.S.S.G. § 1B1.10(b)(2); *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Carlos Laron Hewitt's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 or, in the alternative, to reduce his sentence in light of 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010 [Docket No. 664] is DENIED;

2. Defendant Carlos Laron Hewitt's motion to take judicial notice of the Fair Sentencing Act of 2010 [Docket No. 666] is DENIED; and

3. No certificate of appealability will issue.

Dated: March 29, 2011    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge