UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 96-CR-0064(1) (PJS/FLN) |
| Plaintiff, | |
| v. | MEMORANDUM |
| CARLOS LARON HEWITT, | |
| Defendant. | |

In 1997, Chief Judge James M. Rosenbaum sentenced defendant Carlos Laron Hewitt to 420 months' imprisonment for various offenses related to his role in the distribution of powder and crack cocaine in south Minneapolis. At the time of sentencing, Hewitt's range under the United States Sentencing Guidelines was 360 months to life. The United States Sentencing Commission later amended the guideline for crack-cocaine offenses, *see* U.S.S.G. app. C amends. 706, 715, and in 2009 Judge Rosenbaum reduced Hewitt's sentence to 324 months—the bottom of Hewitt's amended guideline range of 324 to 405 months.

In 2014, the Sentencing Commission again amended the guidelines, further reducing the base offense levels for drug offenses, and the Commission determined that the amended levels should apply retroactively. *See* U.S.S.G. § 1B1.10(d), app. C amends. 782, 788. This matter is before the Court on Hewitt's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

Hewitt requests that his sentence be reduced by 62 months to 262 months, the bottom of his new guidelines range (262 to 327 months).  The government agrees that Hewitt is eligible for a sentence reduction but disagrees about the extent of the reduction.  The government argues for a reduced sentence of 306 months, emphasizing the seriousness of Hewitt's crimes and their impact on the community.

The Court agrees with Hewitt that a reduction to 262 months is warranted.  Judge Rosenbaum presided over Hewitt's prosecution and sentencing.  When Judge Rosenbaum last determined the appropriate sentence for Hewitt (in connection with the first amendment to the guidelines), Judge Rosenbaum selected the bottom of the advisory range then in effect.  In light of Judge Rosenbaum's familiarity with Hewitt and his case, and in light of its own review of the case and Hewitt's use of his time in prison, the Court will follow suit and reduce Hewitt's sentence to the bottom of the new guidelines range.  The Court notes that its decision hardly diminishes the seriousness of Hewitt's crimes; even with the reduction, he will serve nearly 20 years in prison.

Having determined that a reduction to 262 months is consistent with U.S.S.G. § 1B1.10 and warranted according to 18 U.S.C. § 3553(a), *see Dillon v. United States*, 560 U.S. 817, 826 (2010), the Court will grant Hewitt's motion, with the following qualification:

At present, Hewitt's expected release date is February 5, 2020; reducing his sentence by 62 months would nominally push his release to a date in December 2014 (without accounting for any good-time credit).  As explained in the April 8, 2015 memorandum entered by the Court in *United States v. Hull*, No. 02-CR-0220 (PJS/FLN), the Court cannot (1) make the order reducing Hewitt's sentence effective before November 1, 2015, or (2) reduce Hewitt's sentence on the effective date of the order to a term shorter than the time he will have already served as of that date.  *See also* U.S.S.G. § 1B1.10(b)(2)(C), (e)(1).  Therefore, the Court will order, effective November 1, 2015, that Hewitt's sentence be reduced to the longer of 262 months or the time that he will have served as of November 1, 2015.

Dated:  May 21, 2015                              s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge